# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

October 25, 2019

**VIA ECF**

Honorable Robert W. Lehrburger  
United States Magistrate Judge  
United States Courthouse  
500 Pearl Street  
New York, NY 10007

    Re:    **Basurto et al. v. Lighthouse Fishmarket Inc. et al.,**  
             **18-cv-4889 (PGG)(RWL)**

Dear Judge Lehrburger,

    This office represents Plaintiff Gonzalo Cornelio Basurto in the above-referenced matter. We write, with Defendants' counsel's consent, to respectfully request that the Court approve the parties' settlement of the above-referenced matter as a fair and reasonable resolution of a bona fide dispute in accordance with, *inter alia*, the Fair Labor Standards Act.

    The parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive settlement discussions and a settlement conference before Your Honor. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, which was reached after extensive settlement discussions by the parties, pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (U.S. 2016).

    The parties represent to the Court that while Plaintiff believes that the settlement amount is less than what the Plaintiff would be entitled to if they prevailed at trial, the settlement is fair, as discussed herein.

**Background**

Plaintiff was employed by Defendants as a food preparer at a restaurant operating under the name "Lighthouse Fishmarket," located at 2451 Frederick Douglass Blvd, New York, NY 10027.

Plaintiff alleged that they were paid hourly rates which were below the appropriate minimum and overtime wage rates. Specifically, Plaintiff alleged he worked for Defendants for approximately 91 hours per week for approximately 14 months, and was paid a fixed weekly salary of $600 per week. Therefore, Plaintiff brought this action seeking to recover unpaid minimum wages, overtime, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq., and the New York Commission of Labor's Hospitality Industry Wage Order codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.1, et seq.

Defendants deny all of the material allegations in the Complaint. Most significantly, Defendants asserted that Basurto only worked for approximately half the duration of time he alleged, and that he worked far fewer hours than what he alleged.

The parties have weighed the risks of trial and costs of further litigation and have reached a resolution at this pre-trial stage. Continued litigation and trial on the above issues would have led to protracted and costly litigation. The parties instead agreed to settle the matter for an amount that is fair and reasonable before the use of extensive resources on both sides in continued pre-trial litigation and at trial. After considerable negotiations, and two settlement conferences with Your Honor, the parties reached an agreement to settle this action.

Hon. Robert W. Lehrburger
October 25, 2019
Page 3 of 7

**<u>Settlement</u>**

The parties have agreed to settle this action for the total sum of $40,000.00 which will be paid as outlined in **Exhibit A**. The Plaintiff estimated that, in a best case scenario, he would be entitled to approximately $198,000 of which approximately $71,000 would equal the minimum wage and overtime base damages. However, if Defendants were to succeed even in part, Plaintiff's damages would have been drastically reduced.

$26,083.36 of the settlement amount will be paid to the Plaintiff. The remaining $13,916.64 will be applied as attorneys' fees and costs, subject to the court's review and approval.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." <u>Lliguichuzhca v. Cinema 60, LLC</u>, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* <u>Crabtree v. Volkert, Inc.</u>, 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* <u>Le v. SITA Info. Networking Computing USA, Inc.</u>, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." <u>Wolinsky</u>, 900 F.Supp.2d at 225 (*quoting* <u>Medley v. Am. Cancer Soc.</u>, No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

Hon. Robert W. Lehrburger
October 25, 2019
Page 4 of 7

The agreement here is fair to Plaintiff. Plaintiff has been represented by counsel throughout this lawsuit and made an informed decision to settle the action at this stage of litigation, without incurring the encumbrance of further litigation and trial. While the $26,083.36 that he will be receiving accounts for only approximately 35% of his best-case scenario wage recovery, there were significant doubts as to whether he would be able to recover that amount, or instead would recover a far lesser amount at trial. Furthermore, the settlement agreement is the product of arm's-length bargaining between experienced counsels, reached after months of negotiation, and at a settlement conference with Your Honor.

**Plaintiff's Attorneys' Fees Are Fair and Reasonable**

Under the settlement, Plaintiff's counsel will receive $13,916.64 from the settlement fund as attorneys' fees and costs, subject to review and approval of the court. This represents costs plus one third of the recovery in this litigation after costs, a reduction in fees from what is identified in Plaintiffs' retainer agreement, which provides that forty percent of Plaintiff's recovery will be retained by the firm. Therefore, Plaintiff has already agreed to a fee that is higher than is provided for in the settlement.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable.

Hon. Robert W. Lehrburger
October 25, 2019
Page 5 of 7

Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result due to the parties' cooperative exchange of information and frequent negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. His work is billed at $450 per hour and indicated by the initials "MF.". From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

- Joshua Androphy, Senior Attorney at Michael Faillace & Associates, P.C, is an attorney who has practiced litigation since 2005. His time is billed at the rate of $400 per hour and indicated by the initials "JA."

- Work performed by paralegals is billed at the rate of $100 per hour and indicated by the initials "PL."

The lodestar amount for Plaintiff's attorneys' fees is $11,915.00. A copy of Plaintiff's attorneys billing records is annexed hereto as Exhibit B. The amount of attorneys' fees that Plaintiff's attorneys will receive under the settlement is nearly equal to the lodestar amount. It is therefore fair and reasonable for Plaintiff's attorneys to receive one-third of the total settlement

amount. Plaintiff's attorneys and their staff will still have to devote additional time to this matter after the Court approves the settlement, including administering the settlement, and addressing non-payment in the event Defendants fail to make timely payment of the settlement amount. Moreover, reducing the amount of the settlement that goes to Plaintiff's attorneys would be poor public policy, as it would remove an incentive for attorneys for plaintiffs in contingency fee FLSA cases from seeking to obtain the highest possible settlement amount. It also would create a disincentive to early settlement, and instead create an incentive for plaintiffs' attorneys to unnecessarily increase the amount of time they, their adversaries, and the court spend on actions that can be resolved. *See* Hyun, 2016 U.S. Dist. LEXIS 39115, *7 (S.D.N.Y. Mar. 24, 2016) ("[T]he Court finds that the percentage method, which avoids the lodestar method's potential to 'create a disincentive to early settlement,' is appropriate") (quoting McDaniel v. City of Schenectady, 595 F.3d 411, 418 (2d Cir. 2010)). Among other things, it could create an incentive for attorneys in FLSA cases to make only minimal efforts to settle cases before settlement conferences, in order to add to their billable fees. This would be an outcome that disserves the plaintiffs, the defendants, and the Court.

However, should the Court disagree and find it necessary to reduce the portion of the settlement amount to be applied to Plaintiff's attorneys from that proposed herein, the parties and Plaintiff's attorneys respectfully request that the Court approve the settlement agreement with the maximum distribution to Plaintiff's attorneys that the Court deems appropriate.

**Conclusion**

Plaintiff has been represented by counsel throughout this lawsuit, and Plaintiff's counsel has agreed to the settlement amount based on the approval of his client. Plaintiff's interest has thus been adequately safeguarded.

Case 1:18-cv-04889-RWL    Document 50    Filed 10/25/19    Page 7 of 7

Hon. Robert W. Lehrburger
October 25, 2019
Page 7 of 7

In full consideration of the issues presented in *Cheeks,* we believe that the parties' Agreement is fair and reasonable, and that the settlement should be approved. A copy of the parties' Agreement is submitted herewith.

Thank you for your consideration in this matter.

                                              Respectfully Submitted,

                                              /s/ Joshua S. Androphy
                                              Joshua S. Androphy, Esq.
                                              Michael Faillace & Associates, P.C.
                                              *Attorneys for Plaintiffs*

cc:    Mitchell Schley, Esq. (via ECF)
        *Attorney for Defendants*